# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30255
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 24, 2019

Lyle W. Cayce
Clerk

CALVIN HORTON,

Plaintiff-Appellant

v.

BOBBY JINDAL; JAMES LEBLANC; GIBBS WHALEN; NATE CAIN; JERRY GOODWIN; CON WAY HOSPITAL; UNKNOWN DOCTORS; AVOYELLES CORRECTIONAL CENTER; DOCTOR SMITH; NURSE SIDLEY; DOCTOR HEARN; HUEY P LONG HOSPITAL; LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; MEDICAL DEPARTMENT AVOYELLES CORRECTIONAL CENTER,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:15-CV-1707

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Calvin Horton, Louisiana prisoner # 115578, appeals the dismissal of his

in forma pauperis (IFP), pro se complaint, which raised claims pursuant to 42

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30255

U.S.C. § 1983. The district court dismissed Horton's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Horton fails to address the district court's reasons for finding his case to be frivolous. Pro se briefs are afforded liberal construction. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision. *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Horton has failed to challenge any factual or legal aspect of the district court's disposition of his claims, he has abandoned those claims on appeal. *See id.* Thus, the appeal lacks arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the APPEAL IS DISMISSED as frivolous. 5TH CIR. R. 42.2. Horton's motion for appointment of counsel is DENIED.

The district court's dismissal of Horton's complaint and our dismissal of this appeal both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). A district court has recently dismissed a separate § 1983 case brought by Horton as frivolous pursuant to § 1915(e), *see Horton v. Aronald*, No. 5:15-cv-02580 (W.D. La. March 26, 2018), and that dismissal also counts as a strike under § 1915(g), *Adepegba*, 103 F.3d at 387. Having now accumulated three strikes for purposes of § 1915(g), Horton is BARRED from proceeding IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. § 1915(g).